IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHERMAN NECAISE and LISA ADAM**                          **PLAINTIFF**

**VERSUS**                                   **CAUSE NO.:** 1:20-cv-118-LG-RHW

**NATIONWIDE GENERAL INSURANCE COMPANY**                   **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COME NOW** the Plaintiffs, by and through their undersigned counsel, and brings this action against the Defendant, Nationwide General Insurance Company, and allege as follows:

**PARTIES**

1.

Sherman Necaise and Lisa Adam are adult resident citizens of Kiln, Mississippi.

2.

Defendant, Nationwide General Insurance Company, (Nationwide) is an Ohio corporation authorized to do and is doing business in the State of Mississippi, and may be served with service of process of this its registered agent United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, MS 39110. NATIONWIDE is an Ohio Corporation with its headquarters and principal place of business located at 1 West Nationwide Boulevard, Columbus, Ohio, 43215.

**JURISDICTION AND VENUE**

3.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (a) because complete diversity exists among the parties and the amount in controversy exceeds seventy-five thousand dollars, ($75,000.00), exclusive of interest and costs.   The property insured by NATIONWIDE's policy

at issue in this case is situated in this judicial district, and a substantial part of the events giving rise to the Plaintiffs' claims occurred and the subject property loss in this district. Venue is proper in this Court under 28 U.S.C. §1391, the general statute, including subsections (a) and (c) thereof.   Subject matter jurisdiction is proper in this Court as NATIONWIDE is an Ohio Corporation with its headquarters located in Columbus Ohio.

## FACTS

4.

This cause of action arises from Defendant's gross mishandling and denial of an insurance claim as follows:

Plaintiffs own a home at 1295 Firetower Road, Kiln, Mississippi.  This home is and has been covered by a policy of Homeowners Insurance through the Defendant, NATIONWIDE.

On or around March 19, 2019, Plaintiffs suffered fire damage to their property.  At that time, the Plaintiffs timely reported the claim (policy number 6323HO560353), and NATIONWIDE failed to properly adjust the claim and denied payment of any kind despite substantial damage and economic losses.  NATIONWIDE summarily ignored the estimate and ignored requests for review of the claim.

The Defendant has failed and/or refused to recognize the underlying claim associated with the fire damage.  NATIONWIDE has failed at all to recognize Plaintiffs' rights to coverage under said policy for damage associated with the fire damage, loss of use coverage, loss assessment coverage, personal property, structure coverage or any other coverage.

Due to the actions of all Defendant, it is anticipated that the Plaintiffs will be forced to pay out of pocket to repairs the home, replacement of personal property and other expenses.  Without an arguable and legitimate reason, NATIONWIDE refused to further investigate and adjust the claim despite attempts by the Plaintiffs.  NATIONWIDE is further not recognizing its underlying

negligence in failing to properly adjust the present claim or in failing to properly adjust claim by inspecting the claim, as is customary and standard in the industry and customary and standard in NATIONWIDE's handling and adjusting of other claims in the past. This constitutes negligence, and said negligence proximately caused the damages claimed herein. NATIONWIDE has either negligently or intentionally denied coverage available to Plaintiffs in this matter without justification. NATIONWIDE negligently, recklessly and/or maliciously and intentionally adjusted the initial claim and limited the coverage available under the policy to the Plaintiffs in order to save money for its own use and benefit of the Defendant.

At all relevant times thereafter such policy of insurance, issued by NATIONWIDE was in force and effect and provided coverage for the Plaintiffs for the exact, precise reasons coverage was sought in this matter. The claim is a covered claim, and the Defendant has negligently and intentionally withheld coverage and have continued to attempt to limit coverage purchased by Plaintiffs. The underlying damage and loss is a covered claim under the general policy terms. The Defendant's actions in this regard are negligent, grossly negligent and/or intentional and have proximately caused Plaintiffs continued damages in this matter.

NATIONWIDE denied other remedies of coverages which was expressly included in its' policy. Due to the actions of the Defendant, Plaintiffs have suffered out of pocket costs, loss of use, displacement, frustration, emotional distress, loss of time, lost wages, mileage, legal expenses and costs and other general and special damages.

NATIONWIDE failed, refused and continues to refuse to fully pay or offer coverage under the terms of the policy to Plaintiffs despite the fact that in truth and in fact all premiums have been paid and Plaintiffs have fully complied with their obligations under the insurance contract in question. NATIONWIDE has failed, refused and continues to refuse to pay and provide coverage for this claim despite the fact that no valid reason exists to support such a denial and denial by

delay amounting to breach of contract and bad faith.

Under the terms and conditions of the insurance policy, Plaintiffs are entitled to policy benefits and coverage in an amount to make them fully whole for the damages they have incurred and continue to incur.

### CAUSES OF ACTION

5.

### COUNT I – BREACH OF INSURANCE CONTRACT

Plaintiffs adopt and re-alleges all the allegations of every Paragraph contained herein this complaint.

Plaintiffs entered into an insurance agreement with NATIONWIDE, whereby they agreed to pay a monthly premium and in exchange NATIONWIDE would insure them under the terms of its policy. Accordingly, Plaintiffs paid every premium since the issuance of the policy through the loss. Nevertheless, NATIONWIDE denied to pay or offer the full extent of coverage under the policy for the underlying claim which was filed by Plaintiffs.

Plaintiffs would show that they are entitled to recover under the terms of the policy with the insurance Defendant, a sum of money to make them whole for the damages incurred as a result of the covered loss, real property loss, loss of use, mileage, personal property damage, lost wages, attorneys fees and expenses, worry and mental distress, and all other damages, plus interest from and after submission of the claim through the Defendant's denial of said claim.

### COUNT II – BAD FAITH OR BREACH OF CONTRACT

Plaintiffs adopt and re-allege all the allegations of every Paragraph contained herein this complaint.

At all material times NATIONWIDE knew or should have known that the claim of the Plaintiffs were due and owing and constituted a covered claim under the general policy terms and

coverage.  NATIONWIDE tacitly delayed and denied coverage and has effectively limited coverage however, without an arguable reason and in fact has wrongfully attempted to manufacture a reason fraudulently that Plaintiffs' claims are limited.

As a direct and proximate result of the actions of NATIONWIDE, Plaintiffs are entitled to recover damages for the bad faith breach of insurance contract, including real property loss, loss of use, mileage, personal property damage, lost wages, attorneys fees and expenses, worry and mental distress, and all other damages sustained as a direct and proximate result of NATIONWIDE's wrongful denial of claim and wrongful failure adequately pay claim based on the policy that was sold to Plaintiffs.

## COUNT III – INTENTIONAL BREACH OF CONTRACT

Plaintiffs adopt and re-allege all the allegations of every Paragraph contained herein this complaint.

Defendant, NATIONWIDE, breached its insurance contract with Plaintiffs by failing to adequately pay a covered loss.  Plaintiffs had a valid binding agreement. NATIONWIDE intentionally, purposefully, and/or with gross negligence breached that contract.  There was such abuse, insult and intentional wrong doing by NATIONWIDE as to constitute an independent tort of bad faith.  As a direct and proximate result of Defendant's actions, Plaintiff suffered all of the damages mentioned herein including but not limited to personal property damage, lost wages, attorneys' fees and expenses, worry and mental distress, and all other damages.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs adopt and re-allege all the allegations of every Paragraph contained herein this complaint.

Defendant NATIONWIDE intentionally, willfully, wantonly, and or with negligence/gross negligence did knowingly and or negligently without an arguable reason, Nationwide failed to

properly adjust and inspect the claim.   In addition, Defendant has failed to properly acknowledge the rightful, true existence of coverage available for the claim as a result of the damage. The act of failing to adequately pay a covered claim by manufacturing a reason that the claim is somehow limited constitutes negligent and outrageous conduct.   Defendant knew or should have known that harm would result from said outrageous conduct.   And as a direct and proximate result of the Defendant's conduct, the Plaintiffs suffered the harms listed herein including, personal property damage, lost wages, attorneys' fees and expenses, worry and mental distress, and all other damages and other general costs.

## DAMAGES

6.

As a result of Defendant's negligence, intentional conduct and bad faith, Plaintiffs are entitled tortious economic and non-economic damages, past, present and future emotional and contractual, extra-contractual damages, Veasley damages, punitive or exemplary damages, reasonable attorneys' fees, court costs and/or other economic losses to be determined by a jury.

## JURY DEMAND

7.

Plaintiffs are entitled to and do hereby demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs pray for judgment against the Defendant, in an amount reasonable under the aforementioned circumstances, including tortious economic and non-economic damages, contractual and extra-contractual damages, Veasley damages, punitive or exemplary damages, and/or other economic losses to be determined by a jury together with pre-judgment and post-judgment interest, with all attorneys' fees and costs, and if mistaken in the relief prayed for, other relief, general or special, at law or in equity, to which they may show they are justly entitled for $2,500,000.00.

Respectfully submitted, this 27th day of March, 2020.

                                                Plaintiffs

                                                GAMMILL LAW GROUP

                      BY:      *s/Toby Gammill*
                                                TOBY J. GAMMILL (MSB #100367)

OF COUNSEL:

GAMMILL LAW GROUP, PLLC
1911 Dunbarton Drive
Jackson, MS 39216
toby@gammill-law.com
Tel:   (601) 487-2300
Fax:  (601) 420-2426